Patents; infringement; doctrine of equivalents; filewrapper estoppel; each element of claim is material and essential; lighted pilot kneeboard. — Plaintiff seeks reasonable and entire compensation pursuant to 28 U.S.C. § 1498 for the alleged unauthorized procurement and/or use by the United States of an invention described and claimed in U.S. Letters Patent No. 3,452,188, entitled "Pilot Chartboard and Emergency Cockpit Panel Lighting.” Plaintiff contends that lighted pilot kneeboards procured by defendant from Aero Products Research, Inc. (APR), and Delray Electron *763 ics, Inc. (Delray), infringe patent claims 1, 2, 8 and 11. The patent describes a kneeboard that can be strapped to a pilot’s thigh and is capable of clamping material to its surface by means of hinged clips, the board having an illuminating element at both ends, either a second light or a mirror to reflect light back onto the board’s surface. Plaintiffs board contains a hinged illuminating head comprised, inter alia, of "a refractive interior behind the light transmitting front including two pairs of parabolically curved surfaces, * * * and a lens barrel portion positioned between each of the parabolically curved surfaces * * On April 18, 1980 Trial Judge Joseph V. Colaianni filed a recommended opinion (reported in full at 208 USPQ 265) holding that plaintiffs patent was not infringed by the APR or Delray boards. As to the APR board, the trial judge found, applying the doctrine of filewrapper estoppel, that plaintiff could not successfully maintain that the patent covered lenses without parabolic curves. As originally written, plaintiffs claim 1 would have covered an illuminating head whose refractive surfaces could assume a variety of configurations; however, that claim was cancelled in order to overcome a 35 U.S.C. § 103 rejection, and the claim was amended to specifically describe two pairs of parabolically curved surfaces. In that the APR lens contained no structure which approached two pairs of paraboli-cally curved surfaces, or its equivalent, it did not infringe plaintiffs patent. Since the Delray board did not contain a lens barrel portion positioned between each of its paraboli-cally curved surfaces, it too did not infringe plaintiffs patent. The trial judge found that a barrel lens and a flat surface did not perform the same functions and were not interchangeable. Therefore, the element was not the equivalent of that found in plaintiffs patent. In addition, the trial judge found that neither of the accused boards had illuminating means at their opposite ends or their equivalent. On July 25, 1980, the court, by order, adopted the trial judge’s recommended decision as the basis for its judgment in this case and dismissed the petition.